UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERIN NEITZELT,

    Plaintiff,

v.                             Case No: 2:16-cv-898-FtM-99CM

RACHEL GOULD and THE SCHOOL
DISTRICT OF LEE COUNTY,

    Defendants.
_____/

# ORDER[1]

This matter comes before the Court on Plaintiff Erin Neitzelt's Emergency Motion for Appearance of Counsel, Motion to Transfer the Case, and Motion for Sanctions filed January 11, 2017. (Doc. #11). Defendants filed a response two days later. (Doc. #12). This matter is ripe for review. Plaintiff's motion is denied in its entirety.

## Background

Plaintiff, a former teacher employed in Lee County, was allegedly forced to resign. Plaintiff's primary allegation is that she was discriminated against and constructively terminated because of her gender and/or national origin. (Doc. #2, ¶ 6). On December 2, 2016, Plaintiff sued in state court alleging six state claims and one claim under Title VII of the Civil Rights Act. Shortly thereafter, Defendants removed the case to the Middle District of Florida under 28 U.S.C. § 1331 and 28 U.S.C. § 1441. Plaintiff's counsel is not

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

licensed to practice in the Middle District of Florida which led to counsel for both parties exchanging several emails regarding the removal of this case to federal court.  (Doc. #12).

Here, Plaintiff's counsel seeks to appear on her client's behalf.  (Doc. #11, ¶ 1). Plaintiff claims Defendants' removal was improper and "requests that her case be transferred back to" state court. (Doc. #11, ¶ 6).  Plaintiff then asserts Defendants' motion to dismiss (Doc. #4) constitutes a "sham" pleading because defense counsel knew that Plaintiff's counsel could not practice in the Middle District of Florida.  (Doc. #11, ¶ 10). Defendants do not object to Plaintiff's counsel seeking admission to the Middle District of Florida however, Defendants oppose the remainder of Plaintiff's motion.  (Doc. #12, p. 1).

**Discussion**

**A.  Appearance of Counsel**

Plaintiff's counsel requests to appear in court on behalf of her client despite not being admitted to the Middle District of Florida.  (Doc #11, ¶ 1).   Plaintiff's counsel is licensed in the Southern District of Florida. The Middle District of Florida Local Rules state that "[n]o person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court."  M.D. Fla. R. 2.01(a).  Local Rule 2.01(b) also provides the application process for admission. Plaintiff's counsel asserts that she has begun the application process (Doc #11, ¶ 1), which she shall continue to do.  Although there are circumstances in which an attorney may be permitted to practice before the court without formal admission under Local Rule 2.02, this motion fails to indicate what special circumstances apply in this situation.

**B. Removal**

Next, Plaintiff asserts that the removal was improper because the state court had concurrent jurisdiction and "the case can only be properly removed if it should have been in Federal Court." (Doc. #11, ¶¶ 2-6). Defendants assert that removal was proper. (Doc. #12, pp. 4-5).

A defendant may remove a civil action from state court to federal court if plaintiff could have originally sued in federal district court as a civil action "arising under the Constitution, laws, or treaties of the United States," under 28 USC, §1331. 28 U.S.C. § 1441(a). A case "aris[es] under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006). "The existence of federal jurisdiction is tested at the time of removal. [ ] In determining whether jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint alone. [ ] Thus, to meet their burden, the defendants must show that the plaintiffs' complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Adventure Outdoors, Inc. v. Bloomberg,* 552 F.3d 1290, 1294 (11th Cir. 2008).

Contrary to Plaintiff's position, a defendant does not have to wait for the state court to rule on jurisdiction. (Doc. #11, ¶ 6). Defendants need not show the case should have been brought in federal court. Instead, removal is proper if the claim could have been brought in federal court. Here, Plaintiff's Complaint (Doc. #2) alleges violations of Title VII of the Civil Rights Act of 1964. Because the Title VII claim falls within this Court's

3

original jurisdiction, this case could have been brought in federal court. Therefore, Defendants' removal was proper.

## C. Sanctions

Finally, Plaintiff argues sanctions should be imposed because defense counsel was notified "several times that she is not a member of the Middle District and cannot respond to pleadings." (Doc. #11, ¶ 7-10). Defendants respond that Plaintiff mistakenly relies on Florida law in arguing for sanctions. (Doc. #12, p. 5). Defendants further respond that every effort was made to accommodate Plaintiff's counsel and resolve this dispute to no avail. (Doc. #12, p. 6).

The Court directs Plaintiff to Rule 11 of the Federal Rules of Civil Procedure which authorizes a court to impose sanctions on an attorney. Sanctions may be proper where the attorney files a pleading, motion or other paper with an improper purpose such as to harass or delay the litigation. Fed. R. Civ. P. 11. "Such sanctions are imposed for the purpose of deterrence, compensation, and punishment." *Sussman v. Salem, Saxon, & Nielsen, P.A.*, 152 F.R.D. 648, 651 (M.D. Fla. 1994).

Plaintiff's request for sanctions is without basis. Defendants do not have to wait for opposing counsel to complete her application to practice in the Middle District of Florida prior to filing for removal or continue litigating their case. Defendants' removal and subsequent motions are properly filed; therefore, sanctions are not appropriate.

## D. Other Matters

Plaintiff's counsel should review the Middle District of Florida Local Rules and Federal Rules of Civil Procedure to ensure compliance. The Court will address some—not all—procedural rules Plaintiff has violated.

First, the term "emergency" in the title of a motion should only be used in extraordinary circumstances—when there is a true and legitimate emergency. This motion does not constitute an emergency. "The unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions." M.D. Fla. R. 3.01(e).

Second, Local Rule 3.01(g) requires that counsel confer with the opposing party before filing certain non-dispositive motions and to state whether the opposing party agrees on the resolution of the motion. M.D. Fla. R. 3.01(g). Plaintiff failed to include this statement in this motion.

Third, the Court received a letter correspondence from Plaintiff's counsel requesting sanctions because defense counsel failed to provide her with a copy of the notice of removal. Such communication with the Court is inappropriate. *See* M.D. Fla. R. 3.01(f) ("All applications to the Court . . . requesting relief in any form . . . shall not be addressed or presented to the Court in the form of a letter or the like").

In conclusion, future failure to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court may result in the imposition of sanctions including, but not limited to, striking improper filings.

Accordingly, it is now **ORDERED:**

Plaintiff's Emergency Motion for Appearance of Counsel, Motion to Transfer the Case, and Motion for Sanctions filed on January 11, 2017 (Doc. #11) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of January, 2017.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record