UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERIN NEITZELT,

    Plaintiff,

v.                                  Case No:   2:16-cv-898-FtM-99CM

RACHEL GOULD and THE
SCHOOL DISTRICT OF LEE
COUNTY,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's, Erin Neitzelt's Emergency Motion to Stay Case (Doc. 16) filed on February 2, 2017.  Plaintiff filed this motion *pro se* and seeks an order staying this matter for a period of sixty (60) days so that Plaintiff's attorney may be admitted to practice in the Middle District of Florida or, alternatively, so that Plaintiff may seek counsel who is admitted to practice in the Middle District of Florida.  Doc. 16 at 1.  Defendants do not oppose the motion.  Doc. 18.

On December 2, 2016, Plaintiff filed a complaint in state court alleging six state claims and one claim under Title VII of the Civil Rights Act.  Doc. 2.  Shortly thereafter, Defendants removed the case to the Middle District of Florida pursuant to 28 U.S.C. §§ 1331 and 1441 and filed a motion to dismiss Plaintiff's complaint.  Docs. 1.  The Court scheduled the case for a Preliminary Pretrial Conference for February 15, 2017.  Doc. 9.

Plaintiff's counsel, Catherine E. Czyz, is not licensed to practice in the Middle District of Florida; hence, on January 11, 2017, she filed an Emergency Motion for Appearance of Counsel, Motion to Transfer the Case, and Motion for Sanctions ("Initial Emergency Motion").  Doc. 11.  Attorney Czyz informed the Court that she is in the process of applying for admission into the Middle District of Florida.  *Id.* at 1.  In denying the motion, the Court noted that "[a]lthough there are circumstances in which an attorney may be permitted to practice before the court without formal admission under Local Rule 2.02, this motion fails to indicate what special circumstances apply in this situation."  Doc. 14 at 2.  The Court also held that Defendants' removal was proper.  *Id.* at 3-4.

On February 9, 2017, the Court directed the parties to file a case management report or show cause in writing why they are unable to do so.  Doc. 17.  In responding to the Order to show cause, Defendants contend that they have attempted on several occasions to confer with attorney Csyz and prepare a case management report, to no avail.  Doc. 19 at 1-2.  Defendants attached e-mail correspondence with attorney Csyz wherein she asserted her objections to filing a case management report due to the pending motion to stay.  Docs. 19-1; 19-2.  On February 9, 2017, attorney Csyz represented to Defendants that she no longer represents Plaintiff.  Doc. 19 at 2.  On February 10, 2017, attorney Csyz e-mailed to Defenants' counsel a document signed by Plaintiff stating that Plaintiff does "not feel comfortable speaking directly to the Defendants' counsel to prepare a case management report."  Doc. 19-2 at 3.  Attorney Csyz requested Defendants' counsel to "forward [the document] to Magistrate

Judge Carol Mirando before 5:00pm today as we do not have an email for her."[1] *Id.* at 1.

Due to Plaintiff's *pro se* filing (Doc. 16), attorney Csyz representation to Defendants' counsel that she no longer represents Plaintiff (Doc. 19 at 2), and the document signed by Plaintiff (Doc. 19-2), the Court deems Plaintiff to be proceeding *pro se* at this time. As noted, Plaintiff herself, rather than attorney Csyz, filed the present motion to stay. Doc. 16 at 1. Although the Court warned in its order denying the Initial Emergency Motion that the term "emergency" in the title of a motion should only be used when there is a true and legitimate emergency, the present motion is likewise titled an "emergency," which the Court finds that it is not. In an abundance of caution, however, because Plaintiff is now proceeding *pro se*, the Court will not strike this pleading.[2]

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 255. Based on the totality of the circumstances of this case and the lack of objection from

---

[1] The Court will advise that attorney Csyz' behavior is unacceptable. District Judge Sheri Polster Chappell, in denying the Initial Emergency Motion, specifically warned that letter communications to the Court are inappropriate. Doc. 14. The same applies here. Not only did attorney Csyz intend to e-mail the response to the order to show cause to the undersigned, but she requested opposing counsel to do so. Nothing in the Local Rules of the Middle District of Florida or the Federal Rules of Procedure permit this behavior.

[2] The Court warned that "[t]he unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions." Doc. 14 at 5.

Defendants, the Court will grant a brief stay of this case to allow Plaintiff to retain counsel who is admitted to practice in the Middle District of Florida. Plaintiff shall have **up to and including March 15, 2017** to retain counsel who is admitted to practice in the Middle District of Florida. By this date, Plaintiff's counsel shall file a Notice of Appearance *and* respond to Defendants' motion to dismiss (Doc. 4). In the alternative, if Plaintiff chooses to proceed *pro se*, she shall file a response to the motion to dismiss (Doc. 4) **no later than March 15, 2017**. Failure to comply with this Order may result in sanctions, including dismissal of this matter.

Due to this brief stay, the Court finds good cause to extend the parties' deadline to file a case management report. The parties shall have up to and including March 30, 2017 to file a case management report. The Preliminary Pretrial Conference currently scheduled for February 15, 2017 is hereby cancelled, and will be rescheduled upon separate notice.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's, Erin Neitzelt's Emergency Motion to Stay Case (Doc. 16) is **GRANTED in part**. This matter is stayed for thirty (30) days.

2. Plaintiff shall have **up to and including March 15, 2017** to retain counsel who is admitted to practice in the Middle District of Florida. By this date, Plaintiff's counsel shall file a Notice of Appearance and respond to Defendants' motion to dismiss (Doc. 4). In the alternative, if Plaintiff

chooses to proceed *pro se*, she shall be bound by the same deadline for filing a response to the motion to dismiss (Doc. 4).

3. The parties shall have **up to and including March 30, 2017** to file a case management report.

4. The Preliminary Pretrial Conference currently scheduled for February 15, 2017 is hereby cancelled.

5. The Court will take no further action on its Order to show cause (Doc. 17).

6. The Clerk is directed to mail this Order to Plaintiff at P.O. Box 243 Bloomingdale, NJ 07403.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of February, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

- 5 -